**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**OLENA MILITINSKA-LAKE,**

                         **Plaintiff,**

     v.                                                      1:20-CV-443
                                                               (TJM/CFH)

**ELATISHA KIRNON, in her individual capacity as**
**Chief Diversity Officer for the Governor's Office**
**of Employee Relations (GOER), State of New York,**
**et al.,**

                         **Defendants.**
_____

**THOMAS J. McAVOY,**
**Sr. U. S. District Judge**

## ORDER

      This *pro se* civil action arises out of Plaintiff Olena Militinska-Lake's employment as a Senior Auditor with the New York State Department of Public Service (DPS). Before the Court is Plaintiff's motion for leave to take an interlocutory appeal and Plaintiff's motion for leave to add Defendant Timothy Canty in his individual capacity to the Amended Complaint pursuant to Federal Rule of Civil Procedure 21. See dkt. #s 41, 42. Plaintiff seeks to appeal the Court's order granting Defendants' motion to dismiss. See dkt. # 33. That order dismissed most defendants and claims with prejudice, but permitted Plaintiff to file an Amended Complaint that raised Title VII claims against her actual employer and First Amendment claims against two of the named Defendants. Id. Plaintiff filed an Amended Complaint shortly thereafter. See dkt. # 35. She later filed the instant motions.

1

Plaintiff first seeks leave to file an interlocutory appeal. Federal law permits a district court judge to certify that an order "not otherwise appealable . . . [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b) (numbers added). "[P]roponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met." In re Facebook, Inc., 986 F.Supp.2d 524, 529 (S.D.N.Y. 2014). Those three criteria "'create a significant hurdle to certification, and the barrier is only elevated by the mandate that section 1292(b) be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Id. at 529-530 (quoting McNeil v. Aguilos, 820 F.Supp.2d 77, 79 (S.D.N.Y. 1993) (internal quotations omitted)). Ultimately, "'[i]nterlocutory appeals are strongly disfavored in federal practice.'" Adar Bays, LLC v. Aim Exploration, Inc., 310 F.Supp.3d 454, 456 (S.D.N.Y. 2018) (quoting In re Ambac Fin. Group, 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010)). Such appeals are "'not intended as a vehicle to provide early review of difficult rulings in hard cases.'" Xiang v. Inovalon Holdings, Inc., 268 F.Supp.3d 515, 519 (S.D.N.Y. 2017) (quoting In re Levine, No. 94-44257, 2004 U.S. Dist. LEXIS 6025, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004)).

Plaintiff's motion lists four issues and claims that the Court misunderstood the facts that supported each of them. She contends that the Court mistook important dates and improperly found that some of Plaintiff's claims were untimely. Plaintiff further argues that the Court improperly concluded that Plaintiff had not alleged a protected property interest sufficient to support her due process claims. Finally, she argues that the Court erred in

2

concluding that she had not properly served the Complaint on some individual defendants.

None of these arguments fits the criteria necessary to permit an interlocutory appeal, and the Court will deny the motion. The Plaintiff here contends that the Court erred, but offers no real explanation for why these are important and controlling questions about which a substantial disagreement could exist. She instead simply repeats arguments that the Court has already rejected or arguments that she neglected to make in arguing the Defendants' dismissal motion. Plaintiff has filed an Amended Complaint. She has not explained how resolving the issues she seeks to raise on appeal would materially advance the ultimate termination of the litigation. Plaintiff simply seeks, at best, to achieve "early review of difficult rulings in hard cases,'" even as she has filed an Complaint in this Court. Xiang, 268 F.Supp.3d at 519 (S.D.N.Y. 2017). The Court cannot find that this is one of those rare cases where an interlocutory appeal would serve the purpose of litigation better than waiting for all issues to be resolved before asking the Court of Appeals to evaluate the decisions of a lower Court.

Plaintiff proceeds *pro se*, and her arguments appear to the Court to be more in the nature of an argument for reconsideration of the Court's ruling dismissing certain parties and claims with prejudice. When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical

3

Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Reconsideration should be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790).

Plaintiff has not offered any basis for reconsideration in her arguments here. She does not identify any change in controlling law or new evidence, and has not pointed the Court to any clear error. Instead, Plaintiff repeats arguments she has made, or could have made, before. The Court would deny a motion for reconsideration if Plaintiff had made one.

Plaintiff also filed a letter motion with the Court, noting that in her Amended Complaint she named Defendant Timothy Canty, Deputy Director of the New York State Office of Accounting Audits and Finance in the DPS, in his official capacity. See dkt. # 42. She represents that she intended to name Canty in his individual capacity as well. She requests that the Court alter the caption to reflect this intention. Federal Rule of Civil Procedure 21 provides, in relevant part that "the court may, at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "This rule affords broad discretion to the court in adding and dropping parties; either may be done at any time and under any terms or conditions imposed by the court." Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). The rule serves "'to permit the bringing in of a person who, through inadvertance, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.'" Id. (quoting

4

Truncale v. Universal Pictures Co., 82 F.Supp. 576, 578 (S.D.N.Y. 1949). The Court treats the rule in the same way as a motion to amend under Rule 15.[1]  Id.

The Court will grant the motion and order that the caption of the Amended Complaint be amended to reflect that Defendant Canty is sued in both his official and individual capacities. Plaintiff clearly intended to sue Canty for his individual conduct and hopes to hold him liable for that conduct. To the extent that she can achieve that aim, naming Canty only in his official capacity would be of no assistance, since a suit against public officials "in their official capacities is essentially a suit against" their employer. Davis v. Stratton, 360 Fed. Appx. 182, 183 (2d Cir. 2010). Defendants have filed a motion to dismiss the Amended Complaint. Because permitting Plaintiff to add Canty in his individual capacity to the suit may in some way alter Defendants' assessment of the action, the Court will permit Defendants to supplement their briefing to address Canty if they choose. The Court's order will reflect that permission.

---

[1] The Federal Rules of Civil Procedure provide that "leave to amend the pleadings should be 'freely give[n] . . . when justice so requires.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010)). Generally, courts in this Circuit have permitted "'a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'" Id. (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993)). Still, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). "In gauging prejudice, [courts] consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (quoting Block, 988 F.2d at 350). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Prejudicial delay can occur when "the amendment [comes] on the eve of trial and would result in new problems of proof" such as a need for "a great deal of additional discovery." Id.

For those reasons, Plaintiff's motion for certification of an interlocutory appeal, dkt. # 41, is hereby **DENIED**.  Plaintiff's motion for leave to add a party, dkt. # 42, is hereby **GRANTED**.  The Clerk of Court shall amend the case caption to reflect that Defendant Canty is sued in his individual and official capacities.  Defendants may supplement their briefing on their motion to dismiss the Amended Complaint with reference to Defendant Canty.  Defendants shall file any brief in that respect within 7 days of the date of this order.  If Defendants file such a brief, Plaintiff may respond within 7 days.  Briefs shall not exceed five pages.  If Defendants choose not to file supplemental briefing, the Court will consider briefing on the motion to dismiss closed and evaluate the motion based on the file as it exists now.

**IT IS SO ORDERED**

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

**Dated:**     April 18, 2022